# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY FARMER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:18-cv-270-PLC |
| NEW MADRID COUNTY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This matter is before the Court upon review of documents filed by plaintiff Timothy Farmer, proceeding *pro se* [ECF No. 1]. In the documents, plaintiff states he wishes to file a civil rights lawsuit to seek redress for alleged civil rights violations that occurred during criminal proceedings in the New Madrid County Court. Plaintiff repeatedly asks to be provided a "1983 civil suit packet" so that he may initiate such lawsuit. Plaintiff neither paid the $400 filing fee, nor filed a motion for leave to proceed *in forma pauperis*. Plaintiff does not aver, nor does it appear, that he is incarcerated.

The Court will direct the Clerk to mail to plaintiff a copy of the Court's Civil Complaint form. In completing the form, plaintiff must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief, and it also requires that plaintiff's averments be simple, concise and direct. Rule 10(b) requires plaintiff to set forth his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the complaint form, plaintiff must list the name of each defendant he wishes to sue. He should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth specific factual allegations about what that defendant did, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim for relief. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case. Plaintiff should also clearly set forth the relief he seeks from this Court.

In addition, plaintiff must either pay the $400 filing fee, or file a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's Civil Complaint form.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's motion to proceed *in forma pauperis* form.

**IT IS FURTHER ORDERED** that plaintiff must file a signed complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee, **or** submit a fully-completed signed motion for leave to proceed *in forma pauperis*.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this case, without prejudice and without further notice.**

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of November, 2018