UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TIMOTHY RAY FARMER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-cv-270-PLC |
|  | ) |  |
| NEW MADRID COUNTY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Timothy Ray Farmer, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and will not require plaintiff to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an account balance of $.35, an outstanding accounts receivable balance of $8.80, and few deposits to his account. In a letter dated November 28, 2018, plaintiff indicates that he owes the jail money, and that he does not have any money. Based upon all of this information, the Court will not require plaintiff to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that

court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff commenced this civil action on November 6, 2018 by filing a document stating his intention to file a lawsuit to redress violations of his civil rights that occurred during criminal proceedings in the New Madrid Circuit Court. He asked the Court to send him forms to use to bring a civil action pursuant to 42 U.S.C. § 1983. He neither paid the filing fee, nor sought leave to proceed *in forma pauperis*.

In an order dated November 26, 2018, the Court directed plaintiff to either pay the filing fee or seek *in forma pauperis* status, and to file an amended complaint. The Court directed the Clerk to send plaintiff the appropriate forms, and provided plaintiff with instructions about how to prepare the amended complaint. The Court advised plaintiff that he was required to set forth

3

specific facts showing what each defendant did to violate his rights, and that his failure to do so would result in that defendant's dismissal from the case. The Court also advised plaintiff that he was required to indicate the capacity in which he intended to sue each defendant, and that his failure to sue a defendant in his or her individual capacity may result in that defendant's dismissal. Plaintiff timely filed a motion for leave to proceed *in forma pauperis*, and an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against New Madrid County, Prosecuting Attorneys Andrew Lawson and Austin Crowe, Marsha Holiman, "Public Defenders Office," Public Defender Susan Warren, Judge Unknown Underwood, "New Madrid County Prosecutor's Office," and law enforcement officer Troy Shelly. He indicates he intends to sue Warren, Lawson and Crowe in their official capacities only. He does not indicate the capacity in which he sues the other defendants.

Plaintiff's claims relate to pending state court criminal proceedings in which he is a defendant. Plaintiff does not specify the particular state court case or cases from which his claims arise, but review of Missouri Case.net shows that plaintiff is a defendant in five pending state court criminal cases. Those cases are: *State v. Timothy R. Farmer*, No. 18NM-CR00210-01 (34th Jud. Cir. 2018), *State v. Timothy R. Farmer*, No. 18NM-CR00289-01 (34th Jud. Cir. 2018), *State v. Timothy R. Farmer*, No. 18NM-CR00437-01 (34th Jud. Cir. 2018), *State v. Timothy R. Farmer*, No. 18NM-CR00501-01 (34th Jud. Cir. 2018), and *State v. Timothy R. Farmer*, No. 18NM-CR00543-01 (34th Jud. Cir. 2018). In sum, plaintiff is facing charges of second degree

burglary, second degree property damage, first degree tampering with a motor vehicle, receiving stolen property, possession of a controlled substance, and resisting/interfering with arrest.

In each one of these cases, the record reflects that plaintiff appeared for an indigency hearing on October 23, 2018 with defendant Warren, and that on November 5, 2018, the Court entered an order finding that plaintiff was indigent and directing the public defender's office to represent him. The records also reflect that, on November 12, 2018, counsel from the Special Public Defender's Office entered his appearance for plaintiff. As of the date of this Memorandum and Order, the records reflect that plaintiff is represented by counsel from the Special Public Defender's office. This Court takes judicial notice of these Missouri State Court records, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

Plaintiff signed and dated the amended complaint on December 2, 2018. Therein, he attempts to set forth a myriad of claims. He begins by stating he was denied legal representation and his due process rights were violated, and he writes "New Madrid County Court Rooms." (Docket No. 6 at 3). He states he has a speech impediment, and that he suffers from psychological symptoms. He states he is being forced to represent himself, has been told he could not have representation during court proceedings, and that he is being rushed through the courts with no counsel.

Plaintiff alleges that Warren told him he would not get representation even in trial, lied to him "the whole time," and "disparaged" him. *Id.* at 4. He alleges that Judge Underwood made him represent himself even though he begged him not to, and he alleges that Lawson and Crowe

"denied and shook their heads" when they heard him ask for a lawyer. *Id.* Plaintiff alleges that Shelly came to his house with two kids in his truck, knocked on the door, stepped inside without permission, dug in plaintiff's pockets without permission or reading him his rights, and answered plaintiff's phone without permission. Plaintiff also alleges that Shelly "lied on" plaintiff, "lied about what he did," and lied and changed his story "just to get the prosecutors to believe him." *Id.* at 5.

Plaintiff claims he is denied access to a law library, and he repeatedly alleges he is being denied counsel. For example, plaintiff states that "they" tell him he will get representation in court, but to this day he has not seen "any type of legal counsel," and that "they have continued to deny me legal counsel saying 'I don't deserve one.'" *Id.* at 9-10. He states he is "tired of being down sized by authority over me." *Id.* at 10. He seeks damages in the amount of $10 million because of stress in his family's life. He claims "they" have made a mockery of his name, that his reputation has been ruined, and other such allegations.

After filing the amended complaint, plaintiff filed a motion to supplement it. (Docket No. 9). Therein, plaintiff alleges that he is being made fun of and his name is being slandered. In support, he states that, during a court appearance on December 26, Judge Fred Copland said that plaintiff's mother should have hit him on the head with a hammer when he was a baby. He also states that someone told him he thought his charges were dropped. Subsequently, plaintiff filed another supplemental document stating that the prosecutor increased the offer from four to seven years now that plaintiff's "lawsuit is in full effect." (Docket No. 10).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of*

*Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff begins by stating he is being denied access to a law library, and that his due process rights were violated. However, he does not allege that any defendant is responsible for this alleged wrongdoing. The Court previously instructed plaintiff about the necessity of alleging facts showing what each defendant did to violate his rights. In addition, the form complaint plaintiff used clearly instructs him to allege facts showing what each named defendant did to harm him. The Court concludes that any attempt by plaintiff to allege a violation of his rights without naming a responsible party fails to state a viable claim for relief against any defendant. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). The Court further notes that plaintiff fails to explain how his due process rights were violated, and that he fails to allege either an actual injury or impairment of his attorney's access to the courts, as would be required to state a plausible First Amendment claim. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (discussing the "actual injury" requirement), *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (a prisoner is not denied access to court when represented by an attorney and that attorney's access to court is not impaired).

Next, plaintiff alleges that Warren, a public defender, told him he would not get representation even during trial, and that she lied to him and disparaged him. As set forth above, state court records show that plaintiff is currently represented by counsel, and that he was represented by counsel well before he signed and dated the amended complaint. This belies any

7

attempt by plaintiff to claim that his rights are being violated because he is denied counsel.[1] In addition, plaintiff's allegations that Warren lied to him and disparaged him are wholly conclusory, and fail to state any plausible claims for relief. Finally, to the extent plaintiff can be understood to allege that Warren engaged in wrongdoing in the course of representing him during any criminal proceedings, such claims are subject to dismissal because public defenders do not act under color of state law when performing traditional functions as counsel. *Polk County v. Dodson*, 454 U.S. 312 (1981).

Next, plaintiff alleges that Lawson and Crowe, who are prosecuting attorneys, shook their heads when they heard him ask for a lawyer. While plaintiff may have felt insulted by this conduct, it does not implicate any of his federally-protected rights. In his supplemental document described above, plaintiff states that a prosecutor increased an offer from four years to seven years because plaintiff filed a lawsuit. To the extent plaintiff can be understood to allege that Lawson or Crowe, or any other prosecuting attorney, committed wrongdoing in the course of his or her duties in initiating a prosecution or in the course of representing the State of Missouri in any of plaintiff's criminal proceedings, they are entitled to absolute immunity from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Plaintiff also alleges that Judge Underwood made him represent himself even though he begged him not to. As discussed above, plaintiff's attempt to claim he is being denied counsel is not well taken. Also, in his motion to supplement the amended complaint, plaintiff seeks to amend his complaint to claim that Judge Copland made fun of him. While the judge's statement may have offended plaintiff, it did not implicate any of his federally-protected rights. Finally, the Court notes that plaintiff does not allege that either judge acted outside his judicial capacity

---

[1] Nothing in this Memorandum and Order should be construed as preventing plaintiff from seeking habeas relief based upon a claim of ineffective assistance of counsel after fully exhausting all available state remedies.

8

or in the absence of jurisdiction. Therefore, to the extent plaintiff can be understood to allege that either judge committed wrongdoing while performing his judicial functions in any of plaintiff's cases, the judge is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial immunity and the exceptions thereto).

Plaintiff has also named New Madrid County as a defendant. However, plaintiff alleges no facts tending to show that a constitutional violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train. He therefore fails to state a claim of municipal liability. *See Monell*, 436 U.S. at 690.

The Court turns to plaintiff's allegations against Shelly. First, despite being instructed about the necessity of doing so, plaintiff fails to specify the capacity in which he intends to sue Shelly. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Based upon the allegations in the amended complaint, Shelly is a law enforcement officer employed by either the New Madrid Police Department or the New Madrid County Sheriff's Department. However, neither of those entities are subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such). Additionally, as noted above, plaintiff fails to state a claim of municipal liability.

Even if plaintiff had sued Shelly in his individual capacity, his claims against Shelly would be subject to dismissal. It appears plaintiff intends to allege that Shelly violated his Fourth Amendment rights because he stepped inside his house, dug in his pockets, and answered

his phone without permission and without reading him his rights. Indeed, the Fourth Amendment protects the people from unreasonable searches and seizures, and the Fourteenth Amendment extends this constitutional guarantee to searches and seizures by state officers. *Burlison v. Springfield Public Schools*, 708 F.3d 1034, 1039 (8th Cir. 2013). However, plaintiff's allegations herein are insufficient to state a plausible Fourth Amendment claim. Plaintiff does not state when the allegedly wrongful conduct occurred, he does not clearly describe the circumstances surrounding his encounter with Shelly, and he does not allege that any seizure occurred. He merely states that Shelly lacked his permission and failed to read him his rights. The Fourth Amendment forbids only unreasonable searches and seizures, and the mere absence of permission does not render a search unreasonable. In addition, Shelly's failure to read plaintiff his *Miranda* rights is not grounds for a §1983 action. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Finally, plaintiff's allegations that Shelly lied are wholly conclusory, and not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that the court is free to ignore, *inter alia*, unsupported conclusions). Having liberally construed plaintiff's allegations against Shelly, the Court concludes they permit the inference of only the "mere possibility of misconduct," and therefore fail to give rise to a plausible entitlement to relief. *Iqbal,* 556 U.S. at 679.

Plaintiff has also named Holiman, "Public Defender's Office" and "New Madrid County Prosecutors Office" as defendants. However, plaintiff does not allege, with any specificity, that they did anything to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se

complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). Additionally, a Missouri county prosecutor's office is not an entity that can be sued under § 1983. *See Kaminsky v. State of Missouri,* 2007 WL 2956404 (E.D. Mo. Oct. 5, 2007) and *Stockley v. Joyce*, 2018 WL 4300323 (E.D. Mo. Sept. 10, 2018). Finally, as noted above, plaintiff's attempts to claim he was denied counsel are not well taken, and even if they were, a Public Defender's Office is under no duty to acquiesce to a criminal defendant's demand for counsel, as it is the court's duty to appoint counsel to represent an indigent defendant. *See Hodak v. Office of Missouri State Public Defender,* 2008 WL 544710 (E.D. Mo. 2008).

For all of the foregoing reasons, the Court will dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b). The Court will also deny plaintiff's motion to supplement the amended complaint. Plaintiff may not amend his pleadings by filing documents asking the Court to add claims to his amended complaint, and, for the reasons discussed above, it would be futile to allow plaintiff to file a second amended complaint to bring the claims he describes in the motion and in his other supplemental filing. "Futility is a valid basis for denying leave to amend." *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Supplement the Amended Complaint (Docket No. 9) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___8th___ day of February, 2018.

\s\  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE